T.C. Summary Opinion 2003-51


UNITED STATES TAX COURT


CLAUDE D. MAYO, SR. AND LESSIE M. MAYO, Petitioners $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent*


Docket No. 14686-99S.                    Filed May 14, 2003.


Claude D. Mayo Sr. and Lessie M. Mayo, pro se.

<u>Dustin M. Starbuck</u>, for respondent.

_____

* On Sept. 20, 2001, this Court filed its Summary Opinion
(T.C. Summary Opinion 2001-146) in this case, and a decision was
entered on Jan. 15, 2002. On Feb. 19, 2002, respondent notified
the Court that petitioner Claude D. Mayo, Sr. had filed a
petition with the United States Bankruptcy Court for the Western
District of Virginia on Sept. 7, 1999, before the filing of our
opinion and entering the decision, but after the filing of the
petition. Pursuant to 11 U.S.C sec. 362(a)(8), on Feb. 20,
2002, we withdrew our opinion, vacated the decision, and stayed
the proceedings in this Court. On Feb. 14, 2003, the Bankruptcy
Court lifted the stay imposed by 11 U.S.C. sec. 362(a)(8). On
Mar. 3, 2003, this Court issued an order to show cause to
petitioners as to why our opinion should not be released and our
decision entered. Petitioners have not responded to that order.
The order to show cause has been made absolute. Our Summary
Opinion, therefore, is unchanged.

POWELL, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.[1]  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined deficiencies in petitioners' 1995 and 1996 Federal income taxes of $5,940 and $5,354, respectively. Respondent also determined that petitioners are liable for negligence penalties under section 6662(a) for 1995 and 1996 of $1,188 and $1,070.80, respectively.

The issues are whether petitioners are (1) entitled to deduct losses on Schedule C, Profit or Loss From Business, for the years in issue arising from a used-car activity of petitioner Claude D. Mayo, Sr. (petitioner); (2) entitled to deduct greater medical and mortgage interest expenses than the amounts allowed by respondent; and (3) liable for the negligence penalties under section 6662(a) for 1995 and 1996.  At the time the petition was filed petitioners resided in Moneta, Virginia.

The relevant facts may be summarized as follows.  During 1995 and 1996 petitioners reported income from interest,

---

[1]     Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the years in issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

dividends, pensions, and wages of $61,929 and $60,589,[2]
respectively.  Petitioners deducted losses of $24,554 in 1995 and
$24,729 in 1996 from the used-car activity (Mayo's Auto Sales).
Petitioners' Schedule C for the years in issue showed the
following:

|  |  | 1995 |  | 1996 |
|---|---|---|---|---|
| Gross Income |  | $10,530 |  | $11,580 |
| Less: |  |  |  |  |
| Insurance | $2,320 |  | $2,520 |  |
| Interest | 6,311 |  | 5,893 |  |
| Legal expenses | 130 |  | 140 |  |
| Office expenses | 291 |  | -0- |  |
| Repairs | 6,450 |  | 230 |  |
| Supplies | 16,310 |  | -0- |  |
| Taxes & licenses | 470 |  | -0- |  |
| Utilities | 2,802 |  | -0- |  |
| Car & Truck | -0- |  | 4,464 |  |
| Wages | -0- |  | 568 |  |
| Other expenses | -0- |  | [1]22,494 |  |
| Total expenses |  | 35,084 |  | 36,309 |
| Loss |  | $24,554 |  | $24,729 |

[1]Other expenses consisted of cleaning supplies ($147), tags
and licenses ($360), auto parts ($3,657), State inspection
($150), car purchases ($15,420), rental uniforms ($780), and
office and car phone ($1,980).

Mayo's Auto Sales began operations in 1989 or 1990, and has
never operated at a profit.  For the taxable years 1993 and 1994,
petitioners reported losses of $14,225 and $16,021, respectively,
from this activity.  The records of the Virginia Department of
Motor Vehicles show that petitioners sold four automobiles during

_____

[2]    The 1996 income also includes gambling income and capital
gains.

the period of January 1, 1995 through December 31, 1996.  Two of those vehicles were sold to petitioners' relatives.

Upon examination of both years respondent disallowed the deductions claimed on Schedule C with respect to Mayo's Auto Sales on the ground that the activity was not engaged in for profit.  With respect to Schedule A, Itemized Deductions, deductions for 1995, respondent disallowed $2,663 of the $6,764 claimed for mortgage interest for lack of substantiation.  With respect to the 1996 Schedule A deductions, respondent disallowed $6,817 of the $7,879 claimed for medical expenses for lack of substantiation.  Respondent also determined that petitioners are liable for penalties under section 6662(a) for the years in issue.

## Discussion

### 1.  Mayo's Auto Sales

Section 162(a) allows a deduction for ordinary and necessary expenses paid or incurred in carrying on a trade or business. Generally, under section 183(a) and (b) an individual is not allowed deductions attributable to an activity "not engaged in for profit" except to the extent of gross income generated by the activity.  Section 183(c) defines an activity "not engaged in for profit" as any activity other than one for which deductions are "allowable * * * under section 162 or under paragraph (1) or (2) of section 212."  Essentially the test for determining whether an

activity is engaged in for profit is whether the taxpayer engages in the activity with the primary objective of making a profit. See Antonides v. Commissioner, 893 F.2d 656, 659 (4th Cir. 1990), affg. 91 T.C. 686 (1988).  Although the expectation need not be reasonable, the expectation must be bona fide.  See Hulter v. Commissioner, 91 T.C. 371, 393 (1988).  Furthermore, in resolving the question, greater weight is given to the objective facts than to the taxpayer's statement of intentions.  See Thomas v. Commissioner, 84 T.C. 1244, 1269 (1985), affd. 792 F.2d 1256 (4th Cir. 1986).

Section 1.183-2(b), Income Tax Regs., contains a nonexclusive list of factors to be used in determining whether an activity is engaged in for profit.  These factors are:  (1) The manner in which the taxpayer carries on the activity; (2) the expertise of the taxpayer or his advisers; (3) the time and effort expended by the taxpayer in carrying on the activity; (4) the expectation that assets used in the activity may appreciate in value; (5) the success of the taxpayer in carrying on similar or dissimilar activities; (6) the history of income or losses with respect to the activity; (7) the amount of occasional profit, if any; (8) the financial status of the taxpayer; and (9) any elements of personal pleasure or recreation.  No single factor, nor simple numerical majority of factors, is controlling.

See Cannon v. Commissioner, 949 F.2d 345, 350 (10th Cir. 1991), affg. T.C. Memo. 1990-148.

Petitioners presented no evidence concerning many of the factors contained in the regulations. While petitioner claims that he maintained books and records, he did not produce any records at trial. He could not explain the $16,310 deduction claimed for supplies in 1995, and he could not explain the components of the $22,494 deduction for other expenses in 1996. While people may not normally associate trading in used cars as a recreation, we do recognize that some people do get a certain pleasure from repairing cars.

But, what concerns us more is the history of losses. While a person may start out with a bona fide expectation of profit, even if it is unreasonable, there is a time when, in light of the recurring losses, the bona fides of that expectation must cease. See Filios v. Commissioner, 224 F.3d 16 (1st Cir. 2000), affg. T.C. Memo. 1999-92. This is particularly pertinent here where petitioner could not estimate when the activity might become profitable. Moreover, there is nothing in the record to reasonably suggest that the activity, as petitioner operated it during the years in issue, had been, or would ever be, profitable.

We are also concerned that there is no evidence that petitioner, despite losses of more than $79,000 from 1993 to

1996, ever sought expert advice concerning the profitability of the venture. In the same vein there is no evidence that petitioner altered his method of doing business to cut the stream of losses. The bottom line is that, whatever this activity was, it was not operated for profit.

There is one aspect of respondent's determinations with regard to Mayo's Auto Sales that we think was erroneous. It appears to us that the computation of tax in the notice of deficiency incorrectly adds the Schedule C gross receipts to the total adjustments for both years. Respondent disallowed the total Schedule C expenses for both years and then added the Schedule C gross income to petitioners' taxable income and subtracted the same amounts as miscellaneous deductions on Schedule A. The taxable income for 1995 and 1996 appears to be overstated by $10,530 and $11,580, respectively. This can be corrected in the Rule 155 computation.

2. Medical and Mortgage Interest Expenses

With regard to the disallowance of the deduction for medical expenses for 1996, petitioners have the burden of establishing that respondent's determination is erroneous. Rule 142(a). Section 7491 does not affect the burden of proof where the taxpayer has not substantiated deductions. Higbee v. Commissioner, 116 T.C. 438, 440-441 (2001). The deduction was disallowed because petitioners had not substantiated the

expenditure. Petitioners presented no evidence from which the Court could conclude that respondent's determination was erroneous, and we affirm that determination.

The determination with respect to the 1995 mortgage interest is different. Petitioners claimed deductions of $6,764 for 1995 and $7,883 for 1996. Petitioners apparently substantiated the 1996 amount, but could substantiate only $4,101 of the 1995 deduction. Petitioner testified that petitioners had paid the amount deducted. Considering the substantiation of the 1996 deduction and petitioner's testimony, we believe that it is highly likely that petitioners incurred and paid the amount claimed for 1995. We hold for petitioners on this issue.

3. <u>Negligence</u>

Section 6662(a) imposes a penalty with respect "to any portion of an underpayment of tax required to be shown on a return" in an amount "equal to 20 percent of the portion of the underpayment to which this section applies." Section 6662 applies, inter alia, to underpayments attributable to negligence or disregard of rules or regulations. See sec. 6662(b)(1). "Negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code, and "disregard" includes any careless, reckless, or intentional disregard. Sec. 6662(c). Also, "'Negligence is a lack of due care or the failure to do what a reasonable and ordinarily

prudent person would do under the circumstances.'" <u>Freytag v. Commissioner</u>, 89 T.C. 849, 887 (1987) (quoting <u>Marcello v. Commissioner</u>, 380 F.2d 499, 506 (5th Cir. 1967), affg. on this issue 43 T.C. 168 (1964) and T.C. Memo. 1964-299), affd. 904 F.2d 1011 (5th Cir. 1990), affd. on other grounds 501 U.S. 868 (1991). The question then is whether petitioners' conduct meets the reasonably prudent person standard.  See <u>id.</u>

Petitioner is a lineman for the power company, and his wife is a brusher with a furniture company.  They are not sophisticated with respect to financial matters.  Petitioners' returns were prepared by a professional tax return preparer.  We have recognized that reliance on the advice of a professional is a factor to be considered in determining whether a taxpayer uses reasonable care.  See <u>id.</u> at 888.  Moreover, while we conclude that the Schedule C losses are not deductible because the activity was not entered into for profit, there are factors that may be viewed as being favorable to petitioners.  Accordingly, we do not sustain the section 6662(a) penalties.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>in accordance with</u>

<u>respondent's previous Rule 155</u>

<u>computations</u>.